DEPT OF JUSTICE
ENVIR. & NAT. RES. DIV.
95 OCT 23 PM 1:41
GEN. LIT. BRANCH SEC.
ANCHORAGE, ALASKA

# MINUTES OF THE UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

*Alaska Forest Association, Inc v. United States of America*
Case No. J94-007 CV (JKS)

FILED
OCT 19 1995
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By ________ Deputy

By: THE HONORABLE JAMES K. SINGLETON

Deputy Clerk: Patty Demeter, Case Management: 271-3235*

PROCEEDINGS: **ORDER FROM CHAMBERS**

This is an action by the Alaska Forest Association, Inc, and the Metlakatla Indian Community to obtain judicial review of certain decisions of the Forest Service regarding the plan for timber sales in the Tongass National Forest. Plaintiffs rely heavily on the Tongass Timber Reform Act ("TTRA") and, particularly § 101 of TTRA, which they contend imposes a duty on the Forest Service to make a determination of the market demand for timber products and attempt to meet that demand by making economically marketable old growth timber available for logging and ultimately for sale. There are a number of pending motions which will be addressed in this Order. The parties have thoroughly briefed their respective positions and oral argument would not be helpful. *See, e.g.*, FED. R. CIV. P. 78; D. Ak. LR 7.1(i); *United States v. Cheely*, 814 F. Supp. 1430, 1436 n.4 (D. Alaska 1992).

The United States moves for summary judgment at Docket No. 60. The Court had previously denied related requests to summarily resolve this case reasoning that this might be a case in which the Court was called upon to "compel agency action unlawfully withheld or unreasonably delayed" 5 U.S.C. § 706(1). If so, the Court might justifiably intervene to compel the agency to work toward a final decision even though no final decision had yet been reached; the bulk of Plaintiff's claims were not ripe. This assumption was based on an interpretation of federal law which would have placed a "duty" on the Forest Service with respect to TTRA § 101(a) to seek to meet market demand for forest products. The Ninth Circuit has made it clear that the Forest Service has no such duty. Allocating timber for sale is simply one of many factors which the Forest Service is to consider within its discretion in determining whether to make timber in the Tongass available for sale. *Alaska Wilderness Recreation and Tourism Ass'n v. Morrison*, 60 F.3d 647 (9th Cir. 1995), *reaffirmed on reh'ng* 1995 WL 570397 (9th Cir. September 28, 1995). Once it is clear that there is no binding duty but merely a Congressional admonition to be factored into the mix of Forest

Service goals, then this Court has no authority to "compel" any agency action.[1]

This conclusion requires the Court to determine whether there is any final agency action to review. 5 U.S.C. §§ 702, 704. There is none. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 890 (1990). Count I of the complaint must therefore be dismissed.

The absence of any enforceable duty to make timber available for sale necessarily precludes the finding that Plaintiffs have suffered the injury in fact necessary to find standing. Thus, Counts I and III must be dismissed. This Court is satisfied that the rule making requirements of the Administrative Procedure Act were not made applicable to the determination of market demand and any adjustment of available timber to meet that demand. As previously indicated, the Ninth Circuit in a decision binding on this Court under the doctrine of *stare decisis* has concluded that the Congressional reference to seeking to meet market demand was not a mandate. Instead, it was an admonition to be considered together with other goals in establishing a timber plan for the Tongass. The Ninth Circuit has held that "no action," or, in other words, no timber sales is a viable option for every section of the Tongass National Forest which must be considered together with other alternatives in formulating a management plan. While a plan that eliminated timber harvest in the Tongass National Forest would appear to be difficult to reconcile with TTRA, § 101, the Ninth Circuit is apparently willing to consider its reconciliation. It is, of course, premature to consider that issue at this time because the Forest Service has not eliminated timber harvest in the Tongass National Forest. What it has done, instead, is give higher priority to conservation in some areas.

The Forest Service's implementation of TTRA seems within its discretion. Plaintiffs' claims based upon the Federal Advisory Committee Act, the National Forest Management Act and the National Environmental Policy Act have been evaluated and have been found to be without merit. It is clear that judicial interference in agency action through an injunction is not warranted. Thus, Counts II and III must be dismissed.

In conclusion, the Court is not lacking in concern for the future of the timber industry in Alaska. It recognizes that the industry is engaged in a war for its survival with certain individuals and groups that would like to keep Alaska a private wilderness for the aesthetic

---

[1] The Ninth Circuit appears to reject Plaintiff's interpretation of the Act to impose upon the Forest Service the affirmative duty of carefully calculating market demand, by assessing how much old growth timber could be logged and sold on the world market if there were no non-economic constraints, and then adopting that amount of timber as a target to be sought unless some specific statutory or other mandate intervened. In the Ninth Circuit's view, seeking to develop timber to meet the world market is simply one of many forest management goals. The fact that this Court might disagree with the Ninth Circuit's interpretation of the Act in light of its legislative history is irrelevant. Plaintiff's only hope is to appeal, seek *en banc* consideration and failing that, as is likely in this type of case, petition the United States Supreme Court for a hearing.

and vicarious contemplation of men and women who will never even visit Alaska. The industry must also contend with others who do live here or often visit and wish to make other uses of the forests. Given the present posture of the Ninth Circuit, it is unlikely that the industry is going to receive any relief short of the United States Supreme Court unless Congress intervenes in a more forceful way.[2]

The United States has not violated any trust responsibility to the Metlakatla Indian Community.

**IT IS THEREFORE ORDERED:**

The motion for summary judgment by the United States at **Docket No. 60** is **GRANTED.** The motion for summary judgment by Plaintiff at **Docket No. 57** is **DENIED.**[3] The motion for leave to file reply at **Docket No. 65** is **DENIED.** The request for status conference at **Docket No. 74** is **DENIED.** The motion for leave to file an additional exhibit at **Docket No. 69** is **DENIED.** The clerk shall enter judgment dismissing this action without prejudice to further action after final agency action.

Entered at the direction of the Honorable James K. Singleton, United States District Court Judge, by Ardel Burritt, secretary to Judge Singleton.

DATE: <u>October 18, 1995</u> SECRETARY'S INITIALS: <u>ab</u>

*ALL INQUIRIES REGARDING THE SCHEDULING OR CALENDARING OF THIS CASE SHOULD BE DIRECTED TO THE ABOVE-INDICATED CASE MANAGER.

Any request to modify, reconsider, explain, or clarify this Order must be made in the form of a motion. *See* FED. R. CIV. P. 7(b)(1), D. Ak. LR 7.1(l). The Judge's Secretary and Law Clerks are forbidden to discuss any aspect of or provide any information regarding any pending case with litigants, attorneys, or members of the public.

---

[2] Pub. L. 104-19 § 502(a) and (b) are not forceful enough. If the "notice" at Docket No. 76 is viewed as a dispositive motion, it is **DENIED.**

[3] To the extent that the pleading at **Docket No. 58** constitutes a separate motion for summary judgment, it is **DENIED.**

cc: J. Clark S. White
B. Landon E. Jorgensen