Katharine S. Glover
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
T: 907.586.2751
E: kglover@earthjustice.org

Carole A. Holley
EARTHJUSTICE
310 K Street Suite 301
Anchorage, AK 99501
T: 907.277.2500
E: cholley@earthjustice.org

*Attorneys for [Proposed] Intervenor-Defendants Organized Village of Kasaan, Organized Village of Kake, The Boat Company, Alaska Longline Fishermen's Association, Natural Resources Defense Council, Southeast Alaska Conservation Council, and The Wilderness Society*

Marlee Goska
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 1178
Homer, AK 99603
T: 907.931.4775
E: mgoska@biologicaldiversity.org

Garett R. Rose
NATURAL RESOURCES DEFENSE COUNCIL
1152 15th Street NW
Washington DC 20005
T: 202.289.6868
E: grose@nrdc.org

*Attorney for [Proposed] Intervenor-Defendant Center for Biological Diversity*

*Attorney for [Proposed] Intervenor-Defendant Natural Resources Defense Council*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA FOREST ASSOCIATION *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) Case No. 3:25-cv-00046-SLG |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF AGRICULTURE *et al.*, | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

**ORGANIZED VILLAGE OF KASAAN *ET AL.*'s MOTION TO INTERVENE**

**TABLE OF CONTENTS**

I. BACKGROUND ................................................................................................. 1

    A. The Tongass and the southeast Alaska economy ........................................... 1

    B. The Southeast Alaska Sustainability Strategy ................................................ 3

    C. The Alaska Forest Association lawsuit .......................................................... 4

II. ARGUMENT ..................................................................................................... 4

    A. Organized Village of Kasaan *et al*. are entitled to intervene as of right. ...... 4

    B. Alternatively, this Court should grant permissive intervention. ................. 13

III. CONCLUSION ................................................................................................ 14

Organized Village of Kasaan, Organized Village of Kake, The Boat Company, Alaska Longline Fishermen's Association, Center for Biological Diversity, Natural Resources Defense Council, Southeast Alaska Conservation Council, and The Wilderness Society (collectively, "Organized Village of Kasaan *et al*.") move to intervene under Federal Rule of Civil Procedure 24 to defend their interests in protecting the remaining stands of old-growth forests they depend on from large-scale logging. This case concerns the U.S. Forest Service's authority to manage the Tongass National Forest to meet the diverse needs of tribes, local communities, and members of the public that live in and depend on the forest. The listed parties are entitled to intervene as of right to protect these interests, but, at a minimum, should be granted permissive intervention.

Counsel for Organized Village of Kasaan *et al*. conferred with counsel for the other parties about this motion to intervene. Federal Defendants are unable to take a position on the motion until seeing the filed motion. Plaintiffs oppose the motion.

I.  BACKGROUND

A.  The Tongass and the southeast Alaska economy

The Tongass National Forest is the traditional homeland of the Tlingit, Haida, and Tsimshian people, who have lived in and depended on the forest since time immemorial. Citizens of Alaska Native tribes—including proposed intervenors Organized Village of Kasaan and Organized Village of Kake—rely on lands in the Tongass for fishing, hunting, and gathering foods and traditional medicines. *See* Ex. 11, ¶5; Ex. 12, ¶¶6-9; Ex. 20, ¶¶15-23. Alaska Native tribes' ways-of-life, food security, and cultural and

*Alaska Forest Ass'n et al. v. U.S. Dep't of Agric. et al.,*           1
No. 3:25-cv-00046-SLG

Case 3:25-cv-00046-SLG     Document 19     Filed 05/28/25     Page 3 of 20

spiritual health are intertwined with intact ecosystems and old-growth forests in the Tongass. *See* Ex. 11, ¶¶ 4-6, 8, 12; Ex. 12, ¶6; Ex. 20, ¶19-20. They are also tied to important cultural sites in the forest, some of which have been disturbed by past logging. Ex. 12, ¶¶8-9.

The Tongass represents nearly one-third of the remaining old-growth temperate rainforests in the world, a globally rare ecosystem. *See* Ex. 1 at 2. As the U.S. Department of Agriculture (Department) has recognized, the old-growth forests of the Tongass support the diverse needs of the region, including recreation, fisheries and the fishing industry, traditional and customary cultural uses, and carbon storage. *Id*. at 1. This naturally fragmented island ecosystem is home to towering stands of old-growth spruce and cedar trees, as well as rare wildlife species—including Alexander Archipelago wolves, Pacific marten, black and brown bears, Queen Charlotte goshawks, Sitka black-tailed deer, Prince of Wales flying squirrels, and spruce grouse—some of which are found nowhere else on earth. *See id.* at 2-3; Ex. 15, ¶¶7, 10, 16-17, 19. All five species of Pacific salmon spawn in its free-flowing rivers, and 75 percent of the commercially caught salmon for all of southeast Alaska come from Tongass rivers. Ex. 1 at 3; *see also* Ex. 14, ¶¶13, 21.

The Tongass's healthy old-growth forests support the fishing, recreation, and tourism industries that are primary contributors to the region's economy. *See* Ex. 14, ¶¶13-16; Ex. 13, ¶¶15, 18, 20-21. The visitor and seafood industries together account for 90 percent of natural resource-based employment in the region. 88 Fed. Reg. 5252, 5265

(Jan. 27, 2023). Salmon, a keystone species for the Tongass, are caught for subsistence and personal use as well as by the region's commercial fisheries. *See* Ex. 2 at 4-5. These fish have an "immeasurable" value for the region's culture, ecology, and economy. *Id.* at 3. There are 4,400 active resident commercial fishing vessels owners in the region and the seafood industry provides 2,900 full-time equivalent seafood jobs for southeast Alaska. Ex. 14, ¶14. The visitor industry supplies at least another 8,263 jobs and $347 million in income to southeast Alaska. Ex. 3 at 3.

By contrast, over the last several decades, market demand for timber has been on a long-term decline, with many factors influencing demand, including export markets, consumer preferences, and world events. Ex. 4 at 3-4; Ex. 5 at 3. Sawmill capacity and timber employment in southeast Alaska have followed the same trend, and timber is only a minor contributor to the local economy today. *See* Ex. 6 at 3.

### B. The Southeast Alaska Sustainability Strategy

In July 2021, the Department announced, via press release, a strategy for enhancing its consultation with tribes and engaging with partners in southeast Alaska. Ex. 1 at 1. The press release described the Department's desire to shift forest management away from large-scale, old-growth logging on the Tongass; initiate a process to restore the Roadless Rule on the Tongass; invest in projects that "help support a diverse economy, enhance community resilience, and conserve natural resources," and improve consultation with Tribal Nations. *Id.* In subsequent documents, the Department explained that timber management would follow the framework of the 2016 Tongass

Land and Resource Management Plan (2016 Tongass Plan), including the planned transition to a primarily young-growth industry. Ex. 9 at 1-2. The Department also made clear that its Southeast Alaska Sustainability Strategy (SASS) announcement did not "represent law, regulation, directive, or a final agency action representing long-term management decisions on the forest." Ex. 5 at 4.

  C. **The Alaska Forest Association lawsuit**

On March 6, 2025, Plaintiffs Alaska Forest Association, Viking Lumber Company, and Alcan Timber Inc. filed this lawsuit alleging that the Department's failure to offer as many large, old-growth timber sales as Plaintiffs would like violated the Administrative Procedure Act and the Tongass Timber Reform Act, 16 U.S.C. § 539b. *See* Doc. 1 at 13-18. In their complaint, the Plaintiffs ask the Court to declare SASS unlawful; declare that the Department has "acted ultra vires and failed to act in conformity to [its] duty under the [Tongass Timber Reform Act] to provide old-growth timber that meets market demand"; and enter an order requiring the Department to abide by the 2016 Tongass Plan and offer an old-growth timber sale. Doc. 1 at 18. On May 20, the Department filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). Doc. 15. Plaintiffs' opposition is due June 24. Doc. 18.

**II.** **ARGUMENT**

  A. **Organized Village of Kasaan *et al*. are entitled to intervene as of right.**

The Court considers four factors for intervention as of right under Federal Rule of Civil Procedure 24(a)(2), analyzing whether: (1) the motion is timely; (2) the movants

claim a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may as a practical matter impair or impede the movants' ability to protect their interest(s); and (4) the movants' interest(s) are inadequately represented by other parties. *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)). These factors are "broadly interpreted in favor of intervention." *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)). Organized Village of Kasaan *et al.* are entitled to intervene as of right under these factors.

First, the motion is timely. This litigation remains at an early stage, and any prejudice to the existing parties from intervention is nonexistent. Federal Defendants submitted a motion to dismiss on May 20, 2025. Doc. 15. Organized Village of Kasaan *et al.* support dismissing this case and agree that Plaintiffs' complaint fails to state a claim. *See id.* at 5 (arguing the complaint fails to state a claim for multiple reasons). The Proposed Intervenors do not intend to file any motions that will delay or complicate the resolution of the Federal Defendants' motion to dismiss. The Proposed Intervenors seek to intervene to protect their rights to participate on any appeal of an order granting the motion to dismiss or, if the motion to dismiss is denied in whole or in part, in any potential future proceedings regarding Plaintiffs' complaint. Organized Village of Kasaan *et al.* can participate in future dispositive briefing without prejudicing any other existing party. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893,

897 (9th Cir. 2011) (intervention timely where it was sought at an "early stage of the proceedings, the parties would not have suffered prejudice from the grant of intervention at that early stage, and intervention would not cause disruption or delay in the proceedings").

Second, Organized Village of Kasaan *et al*. have significant protectable interests in the old-growth forests of the Tongass that are at risk in this action. "'A would-be intervenor has a significant protectable interest if the interest is protected by law and there is a relationship between that interest and the claim or claims at issue.'" *Alaska Indus. Dev. and Export Auth. v. Biden*, No. 3:21-cv-00245-SLG, 2022 WL 1137312, at *2 (D. Alaska Apr. 18, 2022) (hereinafter "*AIDEA*") (quoting *Cooper v. Newsom*, 13 F.4th 857, 865 (9th Cir. 2021)). The Department itself has recognized the importance of the Tongass in supporting "the region's private-sector economic drivers of tourism, fishing, and recreation," Ex. 1 at 2, and especially the value of its "[l]arge old-growth trees . . . for carbon sequestration, addressing the climate crisis and maintaining the productivity and health of the region's fisheries and fishing industry." *Id.* at 3. Tongass old-growth forests are also "crucial for maintaining biodiversity with many species dependent on the[] ecological conditions" they provide. *See* Ex. 10 at 2. And they are critical to supporting the heritage and cultural identity of Alaska Native people who use select trees for cultural purposes and hunt animals, fish, and collect plants that depend on old-growth ecosystems. Ex. 5 at 6. The Proposed Intervenors are a collection of Alaska Native tribes, a small-boat tour business, a commercial fisheries advocacy group, and

nonprofit environmental organizations whose members enjoy and benefit from these old-growth forest stands. *See* Ex. 11, ¶¶3-6; Ex. 12, ¶¶3-10; Ex. 14, ¶¶11, 13-17; Ex. 13, ¶¶6-7, 18; Ex. 15, ¶10; Ex. 16, ¶¶4-5, 7; Ex. 18, ¶¶2-3, 8; Ex. 20, ¶¶4-5, 8-9.

The old-growth stands of trees in the Tongass are important to Alaska Native tribes and their citizens, including proposed intervenors Organized Village of Kasaan and Organized Village of Kake, for customary and traditional uses and subsistence purposes, including hunting, collecting berries and medicines, and supporting salmon streams. Ex. 11, ¶¶4, 5, 12; Ex. 12, ¶6. Continuing the cultural practices of hunting, fishing, and gathering foods and medicines is a spiritual experience that, for Alaska Native people, "defines who we are and where we came from." *Id.*, ¶¶6, 23. There are also sacred sites in old-growth forests in the Tongass that connect tribes to their past. *Id.*, ¶¶8-9. As the President of the Organized Village of Kasaan explains, the old-growth forests "bind our Tribal citizens together in multiple ways . . . [w]hen the trees are gone, we are gone." Ex. 11, ¶5. Leaving old-growth forests intact is also important to the physical safety of communities as past logging has exacerbated the risk of landslides. *Id.*, ¶6.

Members of Alaska Longline Fishermen's Association (ALFA) participate in "salmon fisheries [that] depend on the productivity of salmon streams in the Tongass National Forest." Ex. 14, ¶13. Degradation of old-growth habitat through logging and timber road construction can harm the salmon populations that ALFA's members harvest. *Id.*, ¶¶17-18, 26-27, 33, 36-37. In addition, part of ALFA's mission is to educate consumers about the importance of salmon habitat in the Tongass and the value of

protecting it. *Id.*, ¶8.

The Boat Company advocates for the protection and conservation of southeast Alaska's natural resources and provides sport fishing and multi-day eco-cruises through the Tongass. Ex. 13, ¶6. These tours include opportunities to hike, kayak, fish, and view wildlife. *Id.*, ¶7. Old-growth timber sales reduce the quality of visitor experiences on The Boat Company's tours and decrease the number of places available for onshore experiences. *Id.*, ¶20. This is particularly detrimental because, with the growth of the tourism industry, there is more competition for the limited wild spaces that are open to tours and offer remote experiences. *Id.*, ¶¶20-23.

Proposed intervenor environmental organizations have also long advocated for protection of the old-growth forests of the Tongass. Their members and supporters rely on such areas for subsistence, guiding, fishing, hunting, hiking, bird and wildlife viewing, camping, skiing, photography, painting, and other recreational activities, as well as the scenic beauty and sense of solitude and relief old-growth forests provide. Ex. 15, ¶10; Ex. 16, ¶7; Ex. 17, ¶¶2-4; Ex. 18, ¶8; Ex. 19, ¶¶5-8, 18-20; Ex. 20, ¶¶8-9, 12-23.

All of these interests are legally protected. *See, e.g., AIDEA*, 2022 WL 1137312, at *2 (affirming that subsistence, recreation, and preservation interests are legally protected). And they are related to the claims made by Plaintiffs. Plaintiffs raise environmental and administrative law claims that bear directly on the Department's management of the old-growth forests in the Tongass that are vitally important to the proposed intervenor tribes, sustainable fisheries advocates, tourism outfitter, and

environmental groups.  *See id.* at *2; *see also Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179-80 (9th Cir. 2011) (collecting cases finding environmental interests protectable for purposes of intervention).

Third, because the Proposed Intervenors have substantial interests in protecting Tongass old growth, a decision implicating the Department's authority to manage old-growth stands of trees in the Tongass or requiring the Department to offer more large-scale, old-growth timber sales, would harm these interests.  *See, e.g.*, *Citizens for Balanced Use*, 647 F.3d at 898 (intervenors' interests in conserving and enjoying wilderness characteristics of part of a national forest "may, as a practical matter, be impaired" if the plaintiffs succeed in enjoining restrictions against motorized use of the area).  In their Complaint, Plaintiffs raise claims challenging the scope of the Department's authority to limit large-scale old-growth logging on the Tongass.  *See* Doc. 1 at 13-18, ¶¶34-58.  A decision in this case could "decide threshold questions" about the Department's forest management authority in a way that precludes or limits arguments in future cases.  *See, e.g.*, *AIDEA*, 2022 WL 1137312, at *2 (finding potential preclusive effect of decision might impair intervenors' interests).

Furthermore, increased old-growth logging may impair tribal citizens' abilities to hunt and gather traditional foods and reduce their access to intact ancestral lands important to maintaining culture and spiritual health.  Ex. 11, ¶¶8, 12; Ex. 12, ¶¶11-18, 26, 28; Ex. 20, ¶¶25-30.  It could also degrade intact habitat that sustains salmon populations supporting the region's commercial fisheries, Ex. 14, ¶¶32-38; displace tour

operators and reduce the quality of the visitor experience they offer clients, Ex. 13, ¶¶18, 20-25; and impede environmental organizations' members' opportunities to access natural areas that they use for hunting, fishing, subsistence, recreation, and other activities, Ex. 15, ¶12; Ex. 16, ¶7; Ex. 17, ¶6; Ex. 18, ¶8, Ex. 19, ¶¶17-23; Ex. 20, ¶¶9, 24-30.

Fourth, Federal Defendants may not adequately represent Organized Village of Kasaan *et al.*'s interests. "The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *W. Watersheds Project v. Haaland*, 22 F.4th 828, 840 (9th Cir. 2022) (quoting *Citizens for Balanced Use*, 647 F.3d at 898). In evaluating this factor, courts consider "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Id.* at 840-41.

At the outset, it is not clear that Federal Defendants and Organized Village of Kasaan *et al.* share the same interests in this litigation or would "undoubtedly" make the same arguments as the case proceeds. *Id.* While Proposed Intervenors and Federal Defendants currently appear to share the same desired disposition of this case, *see* Doc. 15 (Federal Defendants' motion to dismiss), any presumption of adequate representation is rebutted by the history of litigation between them regarding the management of old-

growth forests in the Tongass. *See, e.g.*, *United States v. Alaska*, No. 1:22-CV-00054-SLG, 2023 WL 6690508, at *4 (D. Alaska Oct. 12, 2023) (referencing the "long history of litigation" between movant-intervenors and the federal government in concluding that the movants' interests were not adequately represented by existing parties); *Alaska v. Nat'l Marine Fisheries Serv.*, No. 3:22-cv-00249-JMK, 2023 WL 2789352, at *9 (D. Alaska Apr. 5, 2023) (recognizing that "adversarial history" between environmental group and federal agency was an "important consideration in determining adequacy of representation and suggests [the agency] may not be capable of or willing to make all arguments the [environmental group] would make"). Indeed, on many previous occasions, the Proposed Intervenors have had to litigate against the Department to protect old-growth trees in the Tongass. *See, e.g.*, *Organized Vill. of Kake v. U.S. Dep't of Agric.* 795 F.3d 956 (9th Cir. 2015) (lawsuit by several of the Proposed Intervenors challenging a decision to exempt the Tongass from the Roadless Rule); *Se. Alaska Conservation Council v. U.S. Forest Serv.*, 443 F. Supp. 3d 995, 1001 (D. Alaska 2020) (challenge by several of the Proposed Intervenors to a timber sale in the Tongass including 48,140 acres of old-growth forests). If Federal Defendants' motion to dismiss is denied or Plaintiffs amend their complaint, Organized Village of Kasaan *et al.* and the Federal Defendants may diverge in their positions on subsequent issues in this litigation, as they have in the past on related issues.

In addition, recent executive orders create pressure to increase logging across all national forests. *See* Exec. Order No. 14223, 90 Fed. Reg. 11,359 (Mar. 6, 2025)

("Addressing the Threat to National Security From Imports of Timber, Lumber, and Their Derivative Products"); Exec. Order No. 14225, 90 Fed. Reg. 11,365 (Mar. 6, 2025) ("Immediate Expansion of American Timber Production"); *see also* Memo. from Sec'y Brooke Rollins, Secretary's Memo. 1078-006, *Increasing Timber Production and Designating an Emergency Situation on National Forest System Lands* (Apr. 3, 2025). While Federal Defendants currently are defending the Department's management of the Tongass, that position could change in the future: Federal Defendants could settle the litigation or choose not to pursue an appeal necessary to protect Organized Village of Kasaan *et al*.'s interests in the Tongass.

Furthermore, the Proposed Intervenors occupy a unique role and could contribute necessary elements to the case that Federal Defendants may neglect. *See Cook Inletkeeper v. U.S. Dep't of the Interior*, No. 3:22-CV-00279-SLG, 2023 WL 3892486 at *2 (D. Alaska June 8, 2023) (finding that state and federal governments represent different interests and the state may therefore offer "necessary elements" to the case). Federal Defendants represent the interests of the general public, while Organized Village of Kasaan *et al*. represent "specialized interests" that seek preservation of the "subsistence, cultural, and [environmental] aspects of the lands at issue." *See AIDEA*, 2022 WL 1137312, at *2; *see also Citizens for Balanced Use*, 647 F.3d at 899 ("[T]he government's representation of the public interest may not be 'identical to the individual parochial interest' of a particular group just because 'both entities occupy the same posture in the litigation.'") (quoting *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d

992, 996 (10th Cir. 2009)); *Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1254-56 (10th Cir. 2001) (concluding that federal government may not adequately represent interests of intervenor environmental groups, even though both seek to defend designation of a national monument, because the government's obligation is to represent the public interest generally). And the proposed intervenor tribes, in particular, occupy a "unique role" in representing the interests of their citizens and vindicating their rights as sovereigns. *Cook Inletkeeper*, 2023 WL 3892486 at *2; *see also AIDEA*, 2022 WL1137312, at *2.

      **B.**     **Alternatively, this Court should grant permissive intervention.**

Even if intervention as of right were not warranted here, the Court nonetheless should allow Organized Village of Kasaan *et al*. to intervene permissively. *See, e.g.*, *AIDEA*, 2022 WL 1137312, at *3 (noting that "even if Movants were not entitled to intervene as of right, the Court would allow each of them to intervene permissively"). Under Federal Rule of Civil Procedure 24(b), the Court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Organized Village of Kasaan *et al*. do not seek to raise new claims, but rather timely seek to defend the Department's decisions challenged in Plaintiffs' Complaint. The Proposed Intervenors' long history of advocating for and litigating to protect the old-growth forests of the Tongass will provide the Court with important context, relevant expertise, and a unique perspective.

## III. CONCLUSION

For the reasons above, Organized Village of Kasaan *et al.* respectfully request that the Court grant their motion to intervene.

Respectfully submitted this 28th day of May, 2025,

*s/ Katherine S. Glover*
Katharine S. Glover (Alaska Bar No. 0606033)
EARTHJUSTICE

*s/ Carole A. Holley*
Carole A. Holley (Alaska Bar No. 0611076)
EARTHJUSTICE

*s/ Marlee Goska*
Marlee Goska (Alaska Bar No. 2305043)
CENTER FOR BIOLOGICAL DIVERSITY

*s/ Garret R. Rose*
Garett R. Rose (D.C. Bar No. 1023909) (*pro hac vice pending*)
NATURAL RESOURCES DEFENSE COUNCIL

*Attorneys for [Proposed] Intervenor-Defendants*

**CERTIFICATE OF COMPLIANCE WITH WORD LIMITS**

I certify that this document contains 3,453 words, excluding items exempted by Local Civil Rule 7.4(a)(4), and complies with the word limits of Local Civil Rule 7.4(a)(2).

                         *s/ Katherine S. Glover*
                         Katharine S. Glover
                         EARTHJUSTICE

## CERTIFICATE OF SERVICE

I certify that on May 28, 2025 a copy of foregoing ORGANIZED VILLAGE OF KASAAN *ET AL.*'s MOTION TO INTERVENE, with attachments, was served electronically through the CM/ECF system on counsel of record.

      *s/ Katherine S. Glover*
      Katharine S. Glover
      EARTHJUSTICE

*Alaska Forest Ass'n et al. v. U.S. Dep't of Agric. et al.,*    16
No. 3:25-cv-00046-SLG

Case 3:25-cv-00046-SLG    Document 19    Filed 05/28/25    Page 18 of 20

# TABLE OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| 1 | U.S. Department of Agriculture (Department), Press Release: *USDA Announces Southeast Alaska Sustainability Strategy, Initiates Action to Work with Tribes, Partners and Communities* (Jul. 15, 2021) |
| 2 | Department, *Subsistence and Other Harvest (Non-Commercial) Resource Assessment* (Nov. 2024) (excerpts) |
| 3 | Department, *Draft Recreation & Tourism Resource Assessment* (Dec. 2024) (excerpts) |
| 4 | K. S. Morse, USDA Forest Service (Forest Service), Region 10, *Responding to the Market Demand for Tongass Timber* (Apr. 2000) (excerpts) |
| 5 | Department, *Draft Timber Resources Assessment* (Dec. 2024) (excerpts) |
| 6 | J. Daniels *et al.*, Forest Service, *Tongass National Forest: 2023 Sawmill Capacity and Production Report* (Jan. 2025) (excerpts) |
| 7 | Department, *USDA Southeast Alaska Sustainability Strategy Initial Investments and Recommendations* (Mar. 2022) (excerpts) |
| 8 | Forest Service, *SASS Forest Management (SASS-FM), Assessment Tool with Criteria* (Nov. 2023) |
| 9 | Forest Service, *Southeast Alaska Sustainability Strategy, Forest Management* (April 2022) (excerpts) |
| 10 | Department, *Draft Species of Conservation Concern Assessment* (Dec. 2024) (excerpts) |
| 11 | Declaration of Michael Jones |
| 12 | Declaration of Joel Jackson |
| 13 | Declaration of Hunter McIntosh |

| | |
|---|---|
| 14 | Declaration of Linda Behnken |
| 15 | Declaration of Robin D. Silver, M.D. |
| 16 | Declaration of Gina Trujillo |
| 17 | Declaration of Nathaniel Lawrence |
| 18 | Declaration of Maggie Raab |
| 19 | Declaration of Elsa Sebastian |
| 20 | Declaration of Meda DeWitt |