Katharine S. Glover
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
T: 907.586.2751
E: kglover@earthjustice.org

Carole A. Holley
EARTHJUSTICE
310 K Street Suite 301
Anchorage, AK 99501
T: 907.277.2500
E: cholley@earthjustice.org

*Attorneys for Intervenor-Defendants Organized Village of Kasaan, Organized Village of Kake, The Boat Company, Alaska Longline Fishermen's Association, Natural Resources Defense Council, Southeast Alaska Conservation Council, and The Wilderness Society*

Marlee Goska
CENTER FOR BIOLOGICAL
DIVERSITY
P.O. Box 1178
Homer, AK 99603
T: 907.931.4775
E: mgoska@biologicaldiversity.org

Garett R. Rose
NATURAL RESOURCES
DEFENSE COUNCIL
1152 15th Street NW
Washington DC 20005
202.289.6868
E: grose@nrdc.org

*Attorney for Intervenor-Defendant Center for Biological Diversity*

*Attorney for Intervenor-Defendant Natural Resources Defense Council*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA FOREST ASSOCIATION *et al.*,<br><br>*Plaintiffs*,<br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE *et al.*,<br><br>*Defendants*,<br><br>and<br><br>ORGANIZED VILLAGE OF KASAAN *et al.*,<br><br>*Intervenor-Defendants*. | Case No. 3:25-cv-00046-SLG |

**ANSWER OF INTERVENOR-DEFENDANTS**

Intervenor-Defendants Organized Village of Kasaan, Organized Village of Kake, The Boat Company, Alaska Longline Fishermen's Association, Center for Biological Diversity, Natural Resources Defense Council, Southeast Alaska Conservation Council, and The Wilderness Society hereby answer the Complaint submitted by Plaintiffs.

The paragraph headings in this Answer correspond to the paragraph headings in Plaintiffs' Complaint and are included solely for the purpose of organizational convenience in matching the answers provided herein with the allegations made in the Complaint. The paragraph headings are not part of Intervenor-Defendants' Answer to the allegations. Intervenor-Defendants do not waive any defensive theory or agree to or admit that Plaintiffs' paragraph headings are accurate, appropriate, or substantiated. When a textual sentence is followed by a citation or citations, the textual sentence and its accompanying citation are referred to as one sentence.

## JURISDICTION AND VENUE

1. Paragraph 1 states legal conclusions to which no response is required.

2. Paragraph 2 states legal conclusions to which no response is required.

3. Paragraph 3 states legal conclusions to which no response is required.

## INTRODUCTION

4. Intervenor-Defendants admit that the Tongass National Forest is in southeast Alaska. Intervenor-Defendants deny the remaining allegations in Paragraph 4.

5. The allegations in the first sentence of Paragraph 5 are denied. The second, third, fifth, and sixth sentences of Paragraph 5 characterize the U.S. Department of

*Alaska Forest Ass'n et al. v. U.S. Dep't of Agric. et al.*, 1
No. 3:25-cv-00046-SLG

Agriculture's (USDA) 2016 Tongass Land and Resource Management Plan. The 2016 Tongass Land and Resource Management Plan provides the best evidence of its contents. To the extent a response is required, Intervenor-Defendants deny the allegations in the second, third, fifth, and sixth sentence of Paragraph 5. Intervenor-Defendants admit that the fourth sentence of Paragraph 5 contains one possible definition of old-growth forest but deny that it is the governing definition.

6. The allegations of the first sentence of Paragraph 6 are denied. Intervenor-Defendants lack the knowledge or information sufficient to form a belief as to the allegations in the second and third sentences of Paragraph 6 and on that basis deny them.

7. Intervenor-Defendants lack the knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 7 and on that basis deny them.

8. Paragraph 8 consists of a summary of the claims and assertions of Plaintiffs' Complaint, which are responded to below and to which no separate response is required.

## PARTIES

9. Intervenor-Defendants lack the knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 9 and on that basis deny them.

10. Intervenor-Defendants lack the knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 10 and on that basis deny them.

11. Intervenor-Defendants lack the knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 11 and on that basis deny them.

12. Intervenor-Defendants admit the allegations in Paragraph 12.

13. Intervenor-Defendants admit the allegations in Paragraph 13.

## LEGAL BACKGROUND

### ANILCA and The Tongass Timber Reform Act

14. The first and third sentences of Paragraph 14 characterize the Alaska National Interest Lands Conservation Act (ANILCA). ANILCA provides the best evidence of its contents. Intervenor-Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and, on that basis deny them.

15. Intervenor-Defendants admit that the Tongass Timber Reform Act (TTRA) "sought to eliminate mandated harvest levels, cancel the long-term Tongass timber contracts, designate more wilderness, increase fisheries protection, and apply all the requirements of the National Forest Management Act (NFMA) to the Tongass." Intervenor-Defendants deny all other allegations in Paragraph 15 to the extent they are inconsistent with the plain language, context, or meaning of the TTRA.

16. Intervenor-Defendants deny the allegations in Paragraph 16 to the extent they are inconsistent with the plain language, context, or meaning of the TTRA.

### USDA and the Forest Service Regulate the Tongass National Forest

17. Intervenor-Defendants admit the first sentence of Paragraph 17. To the extent the second sentence of Paragraph 17 refers to the TTRA, the TTRA provides the best evidence of its contents.

18. Paragraph 18 characterizes the Multiple-Use Sustained-Yield Act of 1960; the Act provides the best evidence of its contents. To the extent that Paragraph 18 states legal conclusions, no response is required.

## FACTUAL ALLEGATIONS

19. Intervenor-Defendants lack the knowledge or information sufficient to form a belief as to allegations in Paragraph 19 and on that basis deny them.

20. Paragraph 20 characterizes a *Draft Timber Resources Assessment Tongass National Forest Plan Revision* (Dec. 2024). The draft document provides the best evidence of its contents.

21. Intervenor-Defendants deny the allegations in Paragraph 21.

22. The first sentence of Paragraph 22 characterizes Memorandum 1044-009. The memorandum provides the best evidence of its contents. The second sentence of Paragraph 22 characterizes USDA's 2016 Tongass Land and Resource Management Plan. The 2016 Tongass Land and Resource Management Plan provides the best evidence of its contents.

23. Paragraph 23 characterizes USDA's 2016 Tongass Land and Resource Management Plan. The 2016 Tongass Land and Resource Management Plan provides the best evidence of its contents.

### *USDA and the Forest Service Refuse to Abide by Statutory and Regulatory Timber Commitments*

24. Intervenor-Defendants deny the allegations in Paragraph 24.

25. Intervenor-Defendants lack the knowledge or information sufficient to form a belief as to allegations in Paragraph 25 and on that basis deny them.

26. Intervenor-Defendants lack the knowledge or information sufficient to form a belief as to allegations in Paragraph 26 and on that basis deny them.

27. Plaintiffs appear to be characterizing and quoting a July 15, 2021, press release. The press release provides the best evidence of its contents.

28. Intervenor-Defendants lack the knowledge or information sufficient to form a belief as to allegations in Paragraph 28 and on that basis deny them.

29. The allegations in Paragraph 29 are vague and ambiguous and Intervenor-Defendants deny them on that basis.

### *Injury to AFA and Constituent Organizations*

30. Intervenor-Defendants lack the knowledge or information sufficient to form a belief as to allegations in Paragraph 30 and on that basis deny them.

31. Intervenor-Defendants lack the knowledge or information sufficient to form a belief as to allegations in Paragraph 31 and on that basis deny them.

32. Intervenor-Defendants lack the knowledge or information sufficient to form a belief as to allegations in Paragraph 32 and on that basis deny them.

33. Intervenor-Defendants deny the allegations in Paragraph 33.

## CLAIMS FOR RELIEF

### COUNT I: Violation of the APA
### (Illegal Rulemaking and Failure to Act)
### (5 U.S.C. § 706(1), (2)(C), (D))

34. Intervenor-Defendants repeat their responses to Paragraphs 1-33 of this Answer and otherwise deny the allegations in Paragraph 34.

35. The allegations in Paragraph 35 consist of conclusions of law, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations and deny any violation of law.

36. The allegations in Paragraph 36 consist of conclusions of law, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations and deny any violation of law.

37. The allegations in Paragraph 37 consist of conclusions of law, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations and deny any violation of law.

38. The allegations in Paragraph 38 consist of conclusions of law, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations and deny any violation of law.

39. Intervenor-Defendants lack the knowledge or information sufficient to form a belief as to allegations in Paragraph 39 and on that basis deny them.

40. Intervenor-Defendants lack the knowledge or information sufficient to form a belief as to allegations in Paragraph 40 and on that basis deny them.

# COUNT II: Violation of the APA
# (Arbitrary and Capricious Action)
# (5 U.S.C. § 706(2)(A))

41. Intervenor-Defendants repeat their responses to Paragraphs 1-40 of this Answer and otherwise deny the allegations in Paragraph 41.

42. The allegations in Paragraph 42 consist of conclusions of law, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations and deny any violation of law.

43. The allegations in Paragraph 43 consist of conclusions of law, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations and deny any violation of law.

44. Intervenor-Defendants lack the knowledge or information sufficient to form a belief as to allegations in Paragraph 44 regarding Plaintiffs' reliance interests and on that basis deny them. Paragraph 44 also characterizes USDA's 2016 Tongass Land and Resource Management Plan. The 2016 Tongass Land and Resource Management Plan provides the best evidence of its contents.

45. The allegations in Paragraph 45 consist of conclusions of law, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations and deny any violation of law.

46. Intervenor-Defendants lack the knowledge or information sufficient to form a belief as to allegations in the first and second sentences of Paragraph 46 and on that basis deny them. The allegations in the third sentence of Paragraph 46 consist of

conclusions of law, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations and deny any violation of law.

47. Intervenor-Defendants lack the knowledge or information sufficient to form a belief as to allegations in Paragraph 47 and on that basis deny them.

48. Intervenor-Defendants lack the knowledge or information sufficient to form a belief as to allegations in the first sentence of Paragraph 48 and on that basis deny them. The allegations in the second sentence of Paragraph 48 consist of conclusions of law, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations and deny any violation of law.

### COUNT III: Violation of the APA (Ultra Vires Agency Action and Failure to Act in Compliance with the Tongass Timber Reform Act 16 U.S.C.

49. Intervenor-Defendants repeat their responses to Paragraphs 1-48 of this Answer and otherwise deny the allegations in Paragraph 49.

50. The allegations in Paragraph 50 consist of conclusions of law, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations and deny any violation of law.

51. Paragraph 51 characterizes a *Draft Timber Resources Assessment Tongass National Forest Plan Revision* (Dec. 2024). The draft document provides the best evidence of its contents.

52. The allegations in Paragraph 52 consist of conclusions of law, to which no response is required. To the extent a response is required, Intervenor-Defendants deny

the allegations and deny any violation of law.

53. Intervenor-Defendants deny the allegations in Paragraph 53.

54. Paragraph 54 characterizes Article IV of the U.S. Constitution. The U.S. Constitution provides the best evidence of its contents.

55. The allegations in Paragraph 55 consist of conclusions of law, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations and deny any violation of law.

56. The allegations in Paragraph 56 consist of conclusions of law, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations and deny any violation of law.

57. Intervenor-Defendants deny the allegations in Paragraph 57.

58. Intervenor-Defendants deny the allegations in Paragraph 58 and deny any violation of law.

## PLAINTIFFS' PRAYER FOR RELIEF

The remaining paragraphs of the Complaint constitute Plaintiffs' prayer for relief and require no response. Intervenor-Defendants deny that Plaintiffs are entitled to any relief.

## GENERAL DENIAL

Intervenor-Defendants deny any allegations contained in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1. The Complaint and each and every cause of action alleged therein fail to state a claim for which relief may be granted.

2. Plaintiffs' Complaint fails to establish that some or all of its claims are ripe for judicial review.

3. Plaintiffs' claims are barred by res judicata, collateral estoppel, and/or the law of the case.

4. This Court lacks subject matter jurisdiction over each and every one of Plaintiffs' causes of action for reasons including lack of standing.

5. Plaintiffs have waived their right to judicial review of issues not raised before the administrative agency.

6. Intervenor-Defendants reserve the right to assert additional affirmative defenses, if applicable, as the case progresses.

## REQUEST FOR RELIEF

WHEREFORE, Intervenor-Defendants respectfully request that this Court deny Plaintiffs any relief, dismiss the Complaint with prejudice, grant judgment for Defendants, award Intervenor-Defendants their costs, and grant such other relief as the Court deems appropriate.

Respectfully submitted this 4th day of August, 2025,

    *s/ Katherine S. Glover*
    Katharine S. Glover (Alaska Bar No. 0606033)
    EARTHJUSTICE

*s/ Carole A. Holley*
Carole A. Holley (Alaska Bar No. 0611076)
EARTHJUSTICE

*s/ Marlee Goska*
Marlee Goska (Alaska Bar No. 2305043)
CENTER FOR BIOLOGICAL DIVERSITY

*s/ Garret R. Rose*
Garett R. Rose (D.C. Bar No. 1023909) (*pro hac vice pending*)
NATURAL RESOURCES DEFENSE COUNCIL

*Attorneys for Intervenor-Defendants*

# CERTIFICATE OF SERVICE

      I certify that on August 4, 2025, a copy of the foregoing ANSWER OF INTERVENOR-DEFENDANTS was served electronically through the CM/ECF system on counsel of record.

                    *s/ Katharine S. Glover*
                    Katharine S. Glover
                    EARTHJUSTICE

*Alaska Forest Ass'n et al v. U.S. Dep't. of Agric. et al.*,     12
No. 3:25-cv-00046-SLG

Case 3:25-cv-00046-SLG   Document 37   Filed 08/04/25   Page 13 of 13