# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA FOREST ASSOCIATION, *et al.*,<br><br>    Plaintiffs,<br> v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>    Defendants,<br><br> and<br><br>ORGANIZED VILLAGE OF KASAAN, *et al.*,<br><br>    Intervenor-Defendants. | Case No. 3:25-cv-00046-SLG |

### **CORRECTED ORDER ON MOTION TO INTERVENE[1]**

  Before the Court at Docket 19 is a Motion to Intervene filed by Organized Village of Kasaan, Organized Village of Kake, The Boat Company, Alaska Longline Fishermen's Association, Center for Biological Diversity, Natural Resources Defense Counsel, Southeast Alaska Conservation Council, and The Wilderness Society (collectively, "Proposed Intervenors"). Plaintiffs Alaska Forest Association, Viking Lumber, and Alcan Timber responded in opposition at Docket 33, to which Proposed Intervenors replied at Docket 35. Defendants U.S. Department of

---

[1] Correction made to case number in case caption and to docket number referenced in conclusion.

Agriculture, Secretary of Agriculture Brooke Rollins, U.S. Forest Service, and Forest Service Chief Tom Schultz (collectively, "Federal Defendants") take no position on the motion.[2]

For the reasons set forth below, the motion to intervene is GRANTED.

## BACKGROUND

On March 6, 2025, Plaintiffs—a trade association representing businesses and individuals with interests in Alaska's timber industry and two of its members—brought suit against Federal Defendants, challenging their management of timber sales in the Tongass National Forest.[3] In their Complaint, Plaintiffs assert that the Tongass Timber Reform Act and a management plan promulgated by the U.S. Department of Agriculture in 2016 obligate Federal Defendants to offer certain old-growth timber sales.[4] Plaintiffs allege that Federal Defendants have not abided by these statutory and regulatory commitments, and have instead implemented another management plan—the Southeast Alaska Sustainability Strategy—without engaging in any final rulemaking.[5] Plaintiffs allege that these actions violate the Administrative Procedure Act.[6]

Proposed Intervenors include two Alaska Native tribes, a commercial

---

[2] Docket 30.

[3] Docket 1 at ¶¶ 5–11.

[4] Docket 1 at ¶¶ 15–23.

[5] Docket 1 at ¶¶ 24–29.

[6] Docket 1 at ¶¶ 34–58.

Case No. 3:25-cv-00046-SLG, *Alaska Forest Ass'n et al. v. U.S. Dep't of Agric. et al.*
Corrected Order on Motion to Intervene
Page 2 of 13
Case 3:25-cv-00046-SLG   Document 39   Filed 08/07/25   Page 2 of 13

fisheries advocacy group, a small-boat tour business, and four nonprofit environmental organizations. Organized Village of Kasaan and Organized Village of Kake are Alaska Native tribes who claim an interest in old-growth stands of trees in the Tongass National Forest for traditional uses and subsistence purposes, as sacred sites, and as protection from landslides.[7] Alaska Longline Fishermen's Association ("ALFA") is a nonprofit organization whose members harvest from "salmon fisheries [that] depend on the productivity of salmon streams in the Tongass National Forest" and whose "purposes include policy development, participation in scientific research about Alaska's marine resources and sustainable fisheries practices, and providing information, outreach, and education services regarding Alaska's marine resources and fisheries to its members and the public."[8] The Boat Company advocates for the protection and conservation of southeast Alaska's natural resources and provides sport fishing and multi-day boat cruises through the Tongass National Forest.[9] Center for Biological Diversity, Natural Resources Defense Counsel, Southeast Alaska Conservation Council, and The Wilderness Society are environmental organizations whose members and supporters rely on the Tongass National Forest for subsistence, guiding, fishing, hunting, hiking, bird and wildlife viewing, camping, and various other recreational

---

[7] Docket 19 at 9 (citing Docket 19-11 at ¶¶ 4–6, 12; Docket 19-12 at ¶¶ 6, 8–9).

[8] Docket 19 at 9 (quoting Docket 19-14 at ¶ 13); Docket 19-14 at ¶ 2.

[9] Docket 19 at 10 (citing Docket 19-13 at ¶ 6).

Case No. 3:25-cv-00046-SLG, *Alaska Forest Ass'n et al. v. U.S. Dep't of Agric. et al.*
Corrected Order on Motion to Intervene
Page 3 of 13
Case 3:25-cv-00046-SLG    Document 39    Filed 08/07/25    Page 3 of 13

activities.[10]

## LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) directs district courts to permit a party to intervene as a matter of right if the party "claims an interest relating to the property or transaction that is the subject of an action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Additionally, Rule 24(b)(1)(B) allows a district court to permit a movant to intervene permissively if the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." The Ninth Circuit has held that permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action."[11] However, the first requirement of an independent jurisdictional ground "does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims."[12] "If the trial court determines that the initial conditions for permissive

---

[10] Docket 19 at 10 (citing Docket 19-15 at ¶10; Docket 19-16 at ¶ 7; Docket 19-17 at ¶¶ 2–4; Docket 19-18 at ¶ 8; Docket 19-19 at ¶¶ 5–8, 18–20; Docket 19-20 at ¶¶ 8–9, 12–23).

[11] *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (internal quotation marks omitted) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)).

[12] *Id.* at 844.

Case No. 3:25-cv-00046-SLG, *Alaska Forest Ass'n et al. v. U.S. Dep't of Agric. et al.*
Corrected Order on Motion to Intervene
Page 4 of 13
Case 3:25-cv-00046-SLG    Document 39    Filed 08/07/25    Page 4 of 13

intervention under rule 24(b)(1) . . . are met, it is then entitled to consider other factors in making its discretionary decision on the issue of permissive intervention."[13]  Relevant additional factors include:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case, . . . whether the intervenors' interests are adequately represented by other parties, . . . , and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.[14]

A court must also "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[15]

## DISCUSSION

Proposed Intervenors move to intervene as a matter of right, or, in the alternative, to intervene permissively.  Plaintiffs oppose both forms of intervention.[16]  Alternatively, Plaintiffs request that the Court "impose reasonable restrictions on the [Proposed Intervenors'] participation."[17]  As explained below, because the Court finds permissive intervention to be warranted, the Court does not reach intervention as a matter of right.  The Court also finds that certain

---

[13] *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

[14] *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022) (quoting *Spangler*, 552 F.2d at 1329).

[15] Fed. R. Civ. P. 24(b)(3).

[16] Docket 33 at 6.

[17] Docket 33 at 23.

Case No. 3:25-cv-00046-SLG, *Alaska Forest Ass'n et al. v. U.S. Dep't of Agric. et al.*
Corrected Order on Motion to Intervene
Page 5 of 13
Case 3:25-cv-00046-SLG    Document 39    Filed 08/07/25    Page 5 of 13

restrictions on the intervenors' participation in this case are warranted.

## I. Permissive Intervention

Proposed Intervenors meet the threshold requirements for permissive intervention. As noted above, permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action."[18] Where, as here, the Court has federal question jurisdiction over the action and the proposed intervenor is not raising a new claim, no independent basis for jurisdiction is necessary.[19] Additionally, Plaintiffs do not dispute the timeliness of the motion to intervene, which was filed at an early stage of this litigation.[20]

Plaintiffs likewise do not dispute the existence of a common question of law and fact between Proposed Intervenors' defenses and the main action.[21] A common question of law and fact between an intervenor's claim or defense and the main action arises when the intervenor's claim or defense 'relate[s] to the

---

[18] *Freedom from Religion Found., Inc.*, 644 F.3d at 843 (internal quotation marks omitted) (quoting *Beckman Indus., Inc.*, 966 F.2d at 473).

[19] *Freedom from Religion Found., Inc.*, 644 F.3d at 844.

[20] Docket 33 at 7 ("Plaintiffs take no position on whether Movants satisfy the first three factors" for intervention as of right, including whether the request to intervene is timely); *see also* Docket 1 (complaint filed March 6, 2025); Docket 19 (motion to intervene filed May 28, 2025); *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (motions to intervene are considered timely when they are "made at an early stage of the proceedings, the parties would not have suffered prejudice from the grant of intervention at that early stage, and intervention would not cause disruption or delay in the proceedings").

[21] Docket 33 at 22.

Case No. 3:25-cv-00046-SLG, *Alaska Forest Ass'n et al. v. U.S. Dep't of Agric. et al.*
Corrected Order on Motion to Intervene
Page 6 of 13
Case 3:25-cv-00046-SLG   Document 39   Filed 08/07/25   Page 6 of 13

subject matter of the action . . . before the district court,' or, stated another way, when such claims or defenses 'are clearly a critical part of the instant case.'"[22] Here, Proposed Intervenors intend "to defend the . . . decisions challenged in Plaintiffs' Complaint" and thus they intend to assert legal and factual defenses that directly relate to the subject matter of this litigation.[23] Hence, all three threshold requirements for permissive intervention are met.

If a court determines that the three threshold requirements for permissive intervention are met, "it is then entitled to consider other factors in making its discretionary decision on the issue of permissive intervention."[24] Plaintiffs contend that the discretionary factor of "whether the intervenors' interests are adequately represented by other parties"[25] weighs against allowing intervention; specifically, Plaintiffs maintain that Proposed Intervenors have not overcome the Ninth Circuit's presumption of adequate representation by making the required "very compelling showing" to the contrary.[26]

---

[22] *Brumback v. Ferguson*, 343 F.R.D. 335, 346 (E.D. Wash. 2022) (alterations in original) (first quoting *Greene v. United States*, 996 F.2d 973, 978 (9th Cir. 1993); and then quoting *Citizens Allied for Integrity & Accountability, Inc. v. Miller*, Case No. 1:21-cv-00367, 2022 WL 1442966, at *7 (D. Idaho May 5, 2022)).

[23] *See* Docket 19 at 15.

[24] *Callahan*, 42 F.4th at 1022 (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).

[25] *Id.*; Docket 33 at 22.

[26] Docket 33 at 8 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)).

Case No. 3:25-cv-00046-SLG, *Alaska Forest Ass'n et al. v. U.S. Dep't of Agric. et al.*
Corrected Order on Motion to Intervene
Page 7 of 13
Case 3:25-cv-00046-SLG    Document 39    Filed 08/07/25    Page 7 of 13

The Court finds that the discretionary factors weigh in favor of intervention. In particular, the Court finds that the interests of the Proposed Intervenors may not be adequately represented by Federal Defendants and that Proposed Intervenors may significantly contribute to the adjudication of this matter. In the context of the stricter intervention by right standard, the Ninth Circuit has recognized that federal agencies represent a broader array of goals and thus often do not adequately represent the interests of particular groups.[27] Here, Organized Village of Kasaan and Organized Village of Kake are "'sovereign entities' with distinct interests in preserving and enhancing their citizens' quality of life, including protecting customary and traditional hunting, fishing, and gathering areas within their traditional territory."[28] ALFA represents a range of Southeast Alaska fishermen and has a specific interest in the productivity of salmon streams in the Tongass National Forest.[29] The Boat Company conducts tour business and educational

---

[27] *See Citizens for Balanced Use*, 647 F.3d at 899 ("[T]he government's representation of the public interest may not be identical to the individual parochial interest of a particular group just because both entities occupy the same posture in the litigation.") (internal quotation marks and citations omitted); *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995) ("The Forest Service is required to represent a broader view than the more narrow, parochial interests of the [proposed intervenors]."), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) ("The government must present the broad public interest, not just the economic concerns of the timber industry.") (internal quotation marks and citation omitted); *see also Alaska v. Jewell*, Case No. 3:14-cv-00048, 2014 WL 12521321, at *4 (D. Alaska June 10, 2014) ("Defendant Department of the Interior is a dual-mission agency, charged with both protecting the nations' natural resources and developing those same resources, including energy resources like oil and gas. By contrast, the Applicant Intervenors have a more focused interest in the wildlife and wilderness character of the ANWR coastal plain.") (internal quotation marks and citations omitted).

[28] Docket 35 at 4.

[29] Docket 19-14 at ¶ 13.

Case No. 3:25-cv-00046-SLG, *Alaska Forest Ass'n et al. v. U.S. Dep't of Agric. et al.*
Corrected Order on Motion to Intervene
Page 8 of 13
Case 3:25-cv-00046-SLG   Document 39   Filed 08/07/25   Page 8 of 13

activities in the area.[30] And each of the putative intervenor environmental groups are established non-profit organizations with a focus on conservation and protection of public lands.[31] By contrast, Federal Defendants' are "charged by law with managing public lands on behalf of the entire polity."[32]

Proposed Intervenors also highlight that Federal Defendants may not adequately represent their interests in the future in light of recent executive orders creating pressure to increase logging across national forests and Federal Defendants' public statements.[33] The Court agrees that changes in Federal Defendants' approach to forest management under the current administration "implicate this litigation and show a significant difference between the interests of Proposed Intervenors and [Federal] Defendants."[34] Proposed Intervenors' contention that they are not adequately represented by Federal Defendants is further supported by the history of adversarial proceedings between many of the

---

[30] Docket 19-13 at ¶¶ 6–7.

[31] Docket 19-15

[32] *Ctr. for Biological Diversity v. Zinke*, Case No. 3:17-CV-00091 JWS, 2017 WL 3209459, at *2 (D. Alaska July 28, 2017).

[33] Docket 19 at 13–14.

[34] *See* Docket 35 at 7; Exec. Order No. 14223, 90 Fed. Reg. 11, 359 (March 6, 2025) ("Addressing the Threat to National Security From Imports of Timber, Lumber, and Their Derivative Products"); Exec. Order No. 14225, 90 Fed. Reg. 11, 365 (Mar. 6, 2025) ("Immediate Expansion of American Timber Production"); *see also* Dep't of Agric., Secretary's Memo. 1078-006, *Increasing Timber Production and Designating an Emergency Situation on National Forest System Lands* (Apr. 3, 2025); Dep't of Agric., *Secretary Rollins Rescinds Roadless Rule Eliminating Impediment to Responsible Forest Management* (June 23, 2025), https://www.usda.gov/about-usda/news/press-releases/2025/06/23/secretary-rollins-rescinds-roadless-rule-eliminating-impediment-responsible-forest-management (last accessed July 21, 2025).

Case No. 3:25-cv-00046-SLG, *Alaska Forest Ass'n et al. v. U.S. Dep't of Agric. et al.*
Corrected Order on Motion to Intervene
Page 9 of 13
Case 3:25-cv-00046-SLG     Document 39     Filed 08/07/25     Page 9 of 13

Proposed Intervenors and the federal government on issues related to this litigation.[35]

Additionally, the Proposed Intervenors' history of advocating for and litigating to protect the old-growth forests of the Tongass, including as participants in administrative decision-making processes related to this case,[36] provides them with knowledge and expertise that could significantly contribute to the litigation.[37]

The Court is not persuaded by Plaintiffs' assertions to the contrary. While the Ninth Circuit has held that there is a presumption of adequate representation where two parties share the same "ultimate objective," and that a proposed intervenor must make a "compelling showing" of inadequate representation to

---

[35] *See, e.g.*, *Organized Vill. of Kake v. U.S. Dep't of Agric.*, 795 F.3d 956 (9th Cir. 2025) (lawsuit by several of the Proposed Intervenors challenging a decision to exempt the Tongass from the Roadless Rule); *Se. Alaska Conservation Council v. U.S. Forest Serv.*, 443 F. Supp. 3d 995 (D. Alaska 2020) (challenge by several of the Proposed Intervenors to a timber sale in the Tongass including 48,140 acres of old-growth forests); *see also United States v. Alaska*, Case No. 1:22-cv-00054-SLG, 2023 WL 6690508, at *4 (D. Alaska Oct. 12, 2023) (referencing the "long history of litigation" between the movant-intervenors and the federal government and concluding that the movants' interests were "not adequately protected by the existing parties"); *Alaska v. Nat'l Marine Fisheries Serv.*, Case No. 3:22-cv-00249-JMK, 2023 WL 2789352, at *9 (D. Alaska Apr. 5, 2023) (recognizing that the "adversarial history" between environmental group was "an important consideration in determining adequacy of representation and suggests [the agency] may not be capable of or willing to make all arguments the [environmental group] would make").

[36] *E.g.*, Docket 19-13 at ¶¶ 10–19 (describing The Boat Company's history of comments to the Forest Service, including regarding the 2016 Forest Plan Amendment); Docket 19-18 at ¶¶ 4–7 (describing Southeast Alaska Conservation Council's participation in Forest Service rulemaking and actions in support of the Southeast Alaska Sustainability Strategy); Docket 19-20 at ¶ 7 (describing The Wilderness Society's participation in public planning processes specific to the Tongass National Forest).

[37] *See N. Dynasty Mins. Ltd. v. EPA*, Case No. 3:24-cv-00059, 2024 WL 3901448, at *3 (D. Alaska Aug. 22, 2024) (discussing the requirements for permissive intervention and noting that the proposed intervenors "have participated in the administrative process").

Case No. 3:25-cv-00046-SLG, *Alaska Forest Ass'n et al. v. U.S. Dep't of Agric. et al.*
Corrected Order on Motion to Intervene
Page 10 of 13

Case 3:25-cv-00046-SLG   Document 39   Filed 08/07/25   Page 10 of 13

overcome this presumption, the Circuit has also held that this burden is "minimal" and may be satisfied by showing that the party "will not 'undoubtedly make all of [the] proposed intervenor's arguments[.]'"[38] Additionally, these Ninth Circuit holdings were made in the context of intervention as of right[39]—not under the permissive intervention standard, which affords district courts broad discretion.[40]

Finally, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[41] Plaintiffs maintain that "[p]ermissive intervention should . . . be denied due to its potential to complicate the litigation" through the addition of eight additional parties with four different attorneys and the risk of duplicative briefing.[42] Plaintiffs contend that this additional complexity creates a risk of delay and additional burden for the existing parties.[43] However, as the Court addresses below, intervention will be conditioned in a manner that is intended to minimize delay and duplication.

---

[38] *W. Watersheds Project v. Haaland*, 22 F.4th 828, 840–41 (9th Cir. 2022) (quoting *Citizens for Balanced Use*, 647 F.3d at 898).

[39] *Lockyer*, 450 F.3d at 440; *Citizens for Balanced Use*, 647 F.3d at 898; *W. Watersheds Project*, 22 F.4th at 840.

[40] *See, e.g.*, *Spangler*, 552 F.2d at 1329; *Orange Cnty. v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986) ("Permissive intervention is committed to the broad discretion of the district court[.]").

[41] Fed. R. Civ. P. 24(b)(3).

[42] Docket 33 at 22.

[43] Docket 33 at 22–23.

Case No. 3:25-cv-00046-SLG, *Alaska Forest Ass'n et al. v. U.S. Dep't of Agric. et al.*
Corrected Order on Motion to Intervene
Page 11 of 13
Case 3:25-cv-00046-SLG   Document 39   Filed 08/07/25   Page 11 of 13

## II. Conditions on Intervention

Plaintiffs request that the Court, should it allow intervention, impose two conditions on the proposed intervenors' participation:

(1) Proposed Intervenors must "confer with Defendants . . . before filing any new substantive motions or briefs and endeavor to eliminate unnecessary repetition by incorporating one another's filing by reference when possible," and

(2) "should the case involve discovery [Proposed Intervenors] may not propound any discovery without prior approval from the Court."[44]

Proposed Intervenors indicate that they are willing to comply with these conditions,[45] and the Court finds that Plaintiffs' proposed restrictions on the intervenors' participation in this case are warranted.[46] The Court therefore ORDERS Proposed Intervenors to comply with the above conditions.

## CONCLUSION

For the foregoing reasons, the Motion to Intervene at Docket 19 is **GRANTED**. Intervenor-Defendants shall file a clean, previously undocketed copy

---

[44] Docket 33 at 24 (quoting *Wilderness Soc'y v. Trump*, Case No. 1:17-cv-02587, 2019 WL 11556600, at *4 (D.D.C. Jan 11, 2019)).

[45] Docket 35 at 12.

[46] *See Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011) (quoting *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 974 F.2d 450, 469 (4th Cir. 1992)) ("[W]hen granting an application for permissive intervention, a federal district court is able to impose almost any condition.").

Case No. 3:25-cv-00046-SLG, *Alaska Forest Ass'n et al. v. U.S. Dep't of Agric. et al.*
Corrected Order on Motion to Intervene
Page 12 of 13
Case 3:25-cv-00046-SLG   Document 39   Filed 08/07/25   Page 12 of 13

of their Answer[47] within **seven days** of the date of this order.  The case caption is amended as shown above.

DATED this 7th day of August, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[47] *See* Docket 19-21 (Proposed Answer).

Case No. 3:25-cv-00046-SLG, *Alaska Forest Ass'n et al. v. U.S. Dep't of Agric. et al.*
Corrected Order on Motion to Intervene
Page 13 of 13
Case 3:25-cv-00046-SLG     Document 39     Filed 08/07/25     Page 13 of 13